UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

GARRETH WILLIAM CROSS                                        PETITIONER

v.                                          CIVIL ACTION NO. 5:05CV-P77-R

McCRACKEN COUNTY REGIONAL JAIL                              RESPONDENT

## MEMORANDUM OPINION

The petitioner, Garreth William Cross, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1), and he paid the requisite $5.00 filing fee. The petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petitioner has failed to exhaust his available state court remedies prior to filing the instant action in federal court, the Court will deny the petition and dismiss the action without prejudice.

## I. PROCEDURAL HISTORY

According to the petition, the petitioner entered an *Alford* plea to promoting contraband in the first degree. The McCracken District Court entered judgment on July 20, 2004. The petitioner did not file an appeal, but on February 28, 2005, he filed a Motion to Correct Sentence in the McCracken Circuit Court, raising the following ground: "K.R.S. 532.110(2), Kentucky Crime Commission/LRC, 1974, Subsection (2) if there is no designation as to the manner in which the sentences are run, they must run concurrently." He claims that the motion was denied by the circuit court and that it is currently pending in the Kentucky Supreme Court. He reports that he filed it with the Kentucky Supreme Court on April 4, 2005, and that "It will take years for a decision."

On April 6, 2005,[1] the petitioner filed the present § 2254 petition for writ of habeas corpus, seemingly raising the same ground as raised in his state court Motion to Correct Sentence.  That is, he claims that under "K.R.S. 532.110(2), . . . If there is no designation as to the manner in which the sentences are to run, <u>they must run concurrently</u>."  He states, "I plead guilty with (Alford Plea) understanding that the sentences impos[]ed was to run concurrently with my felony conviction threw my counsel."

## II. <u>DISCUSSION</u>

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies.  28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995).  Any alleged constitutional deprivations must be asserted through the state appellate process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  In the Sixth Circuit, a habeas petitioner must normally present his claim to the state's highest court in order to exhaust.  *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure

---

[1] Under the mailbox rule, a petition is deemed filed on the date the prisoner gave the petition to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Cobas v. Burgess*, 306 F.3d 441, 443 n.1 (6th Cir. 2002) (applying the mailbox rule to the filing of a § 2254 petition), *cert. denied*, 538 U.S. 984 (2003).  In the petition, the petitioner advises that he hand delivered the petition to the prisoner mail system for mailing on April 6, 2005.

would be futile.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement applies to remedies still open to the petitioner at the time he files the habeas petition.  *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979).

Here, the petitioner did not file a direct appeal, and he reports that his Motion to Correct Sentence is currently pending in the Kentucky Supreme Court.  Consequently, as a matter of comity, this Court will not consider the petitioner's habeas claim[2] given that he has not exhausted his available remedies and is currently in the process of so doing.  *Newcomb v. Bordenkircher*, 602 F.2d 128 (6th Cir. 1979).

As it is patently obvious that the petitioner has failed to exhaust his state remedies, the § 2254 petition must be denied and the action must be dismissed without prejudice.

### III.  CERTIFICATE OF APPEALABILITY

Before the petitioner may appeal this Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a

---

[2]Under § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." (emphasis added).  In the instant petition, the petitioner has not cited to any specific federal constitutional or federal statutory violation.  It is unclear therefore whether he is alleging that he is in custody in violation of federal law or whether he is alleging that he is in custody in violation of state law only.  Should the petitioner wish to file a § 2254 habeas action in the future, he must, upon filing, allege that he is in custody in violation of *federal* law and must have exhausted such claim(s) through to the Kentucky Supreme Court.

Additionally, "the petition must name as respondent the state officer who has custody."  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Thus, instead of naming the McCracken County Regional Jail, as he did in the present action, the petitioner must name the jailer of that facility, presuming he is still within that jailer's custody.

certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner, *pro se*
4413.005